Gregory S. Bishop
State Bar No. 184680
gbishop@goodwinprocter.com
Thomas F. Fitzpatrick
State Bar No. 193565
tfitzpatrick@goodwinprocter.com
Joseph R. Farris
State Bar No. 263405
jfarris@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650.752.3100
Fax: 650.853.1038

Attorneys for Plaintiff,
HEARTLAND PAYMENT SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIFONE ISRAEL LTD. <br><br> Defendant. | Case No. C10-00654 EMC <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL** |

Plaintiff Heartland Payment Systems, Inc. ("Heartland"), by its undersigned counsel, alleges the following facts, upon information and belief, in support of its Complaint for Declaratory Judgment against VeriFone Israel Ltd. ("VeriFone").

## INTRODUCTION

1. Heartland is a corporation that provides credit and debit card processing and payroll solutions to more than 230,000 restaurant, hotel, and retail merchants throughout the United States. Heartland also provides additional services to its merchants such as gift and loyalty card programs, paper check authorization, and sales and rentals of point-of-sale terminal ("POS terminal") products and supplies.

2. Recently, Heartland has made significant investments in its E3 Project, which seeks to protect Heartland's credit card and debit card processing network with end-to-end encryption. The goal of the E3 Project is simple: to prevent cyber criminals from being able to capture credit card and debit card information as it travels between merchant POS terminals and the processor's network. Heartland committed, and in fact has already spent, several million dollars in this endeavor, which is the first of its kind in the United States.

3. As part of the development of the E3 Project, Heartland imported prototype payment terminals bearing model name/number NP3000 and distributed some of these terminals to a limited number of merchants in the United States for the purpose of testing.

**EXISTENCE OF ACTUAL CONTROVERSY**

4. On September 9, 2009, VeriFone Israel filed a Complaint for Patent Infringement against Heartland in the United States District Court for the Northern District of California, Case No. C 09-4172 CRB, alleging infringement of its rights in United States Patent No. 6,853,093 ("the '093 Patent"). A copy of the '093 Patent is attached as Exhibit A. According to VeriFone's allegations in that complaint, the '093 Patent was issued to Lipman Electronic Engineering Ltd. ("Lipman"), as assignee of Yitzhak Cohen and Arnon Aviv. Upon information and belief, Lipman was renamed VeriFone Israel Ltd. on January 1, 2007.

5. VeriFone Israel alleged that "Heartland has imported payment terminal devices bearing model name/number NP3000 . . . that include technology that infringes the '093 Patent, and has either itself used the Heartland Terminals or provided those devices to customers in the United States for their use during a test period in violation of 35 U.S.C. § 271(a) and/or 35 U.S.C. § 271(b)."

6. On February 15, 2010, VeriFone Israel filed a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a) in which it voluntarily dismissed Case No. C 09-4172 CRB without prejudice.

7. As a result of VeriFone Israel's allegations and the dismissal of this action without prejudice, Heartland has a reasonably apprehension that VeriFone may file another suit for infringement of the '093 Patent against the NP3000 prototype.

## THE PARTIES

8.  Plaintiff Heartland is a corporation organized and existing under the laws of Delaware, with its principal place of business at 90 Nassau Street, Princeton, New Jersey 08542.

9.  VeriFone Israel Ltd. is a corporation organized and existing under the laws of Israel, with its principal place of business at 11 Haamal Street, Rosh Haayin, Israel. VeriFone Israel is a wholly owned subsidiary of VeriFone Holdings, Inc., a corporation with its principal place of business at 2099 Gateway Place, Suite 600, San Jose, California.

## JURISDICTION AND VENUE

10.  These claims arise under the patent laws of the United States, 35 U.S.C. § 100, et seq. The jurisdiction of this Court over this controversy is proper under at least 28 U.S.C. §§ 1331 and 1338, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.  This Court has personal jurisdiction over VeriFone Israel because, among other things, VeriFone Israel has submitted to the jurisdiction of the Court by the filing of its Complaint in the related case in Case No. C 09-4172 CRB before this court.

12.  Venue is proper under 28 U.S.C. § 1391.

## INTRADISTRICT ASSIGNMENT

13.  Under Civil Local Rule 3-2(c), this action may be properly assigned to any division of this District because it is an intellectual property action. This case is related to Case No. C 09-4172 CRB.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '093 Patent)**

14.  Heartland repeats and realleges the allegations set forth in Paragraphs 1 through 13, above, as if set forth in full herein.

15.  Heartland has not infringed and does not infringe, either directly or indirectly, any claim of the '093 Patent.

16.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Heartland requests a declaration by the Court that it does not infringe any claim of the '093 Patent either directly or indirectly.

## COUNT II

**(Declaratory Judgment of Invalidity of the '093 Patent)**

17. Heartland repeats and realleges its responses to the allegations contained in paragraphs 1 through 16 above, as though fully set forth in this paragraph.

18. The claims of the '093 Patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Heartland requests a declaration by the Court that the claims of the '093 Patent are invalid.

## PRAYER FOR RELIEF

Heartland respectfully requests a judgment against VeriFone Israel as follows:

A. Declaring that no valid claim of United States Patent No. 6,853,093 is infringed by Heartland, either directly or otherwise;

B. Declaring that the claims of United States Patent No. 6,853,093 are invalid;

C. Declaring this case exceptional under 35 U.S.C. § 285, and awarding Heartland its attorneys' fees, costs, and expenses incurred in this action;

D. Declaring that defendant and its officers, employees, agents and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Heartland claiming that United States Patent No. 6,853,093 is valid, enforceable, or infringed, or from representing that Heartland's NP3000 prototype or others' use thereof, infringe United States Patent No. 6,853,093.

E. Granting such other further relief as the Court may deem just and proper.

Dated: February 16, 2010

Respectfully submitted,

_____
Gregory S. Bishop
Thomas F. Fitzpatrick
Joseph R. Farris
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025

|   |   |
|---|---|
| 1 | Tel.: 650.752.3100 |
| 2 | Fax: 650.853.1038 |

Attorneys for Heartland
HEARTLAND PAYMENT SYSTEMS, INC.

## JURY DEMAND

Heartland hereby demands a trail by jury of any and all issues properly triable by a jury.

Dated: February 16, 2010              Respectfully submitted,

_/s/ Gregory S. Bishop_
Gregory S. Bishop
Thomas F. Fitzpatrick
Joseph R. Farris
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650.752.3100
Fax: 650.853.1038

Attorneys for Plaintiff
HEARTLAND PAYMENT SYSTEMS, INC.

# EXHIBIT A

US006853093B2

# (12) United States Patent
## Cohen et al.

(10) Patent No.: US 6,853,093 B2
(45) Date of Patent: Feb. 8, 2005

(54) **ANTI-TAMPERING ENCLOSURE FOR ELECTRONIC CIRCUITRY**

(75) Inventors: **Yitzhak Cohen**, Yahud (IL); **Arnon Aviv**, Herzelia (IL)

(73) Assignee: **Lipman Electronic Engineering Ltd.**, Rosh Haayin (IL)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 98 days.

(21) Appl. No.: **10/326,726**

(22) Filed: **Dec. 20, 2002**

(65) Prior Publication Data
US 2004/0120101 A1 Jun. 24, 2004

(51) Int. Cl.$^7$ .................. **H01L 23/02**; H01L 23/04; H01L 23/12
(52) U.S. Cl. ............ **257/992**; 257/678; 257/679; 257/731; 257/698
(58) Field of Search .................. 257/992, 679, 257/678, 731, 698, 723

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,593,384 A | * | 6/1986 | Kleijne ............... 365/228 |
| 4,807,284 A | * | 2/1989 | Kleijne ............... 713/194 |
| 5,353,350 A | * | 10/1994 | Unsworth et al. ...... 713/194 |
| 5,861,662 A | | 1/1999 | Candelore |
| 5,877,547 A | | 3/1999 | Rhelimi |
| 5,998,858 A | | 12/1999 | Little et al. |
| 6,359,338 B1 | | 3/2002 | Takabayashi |
| 6,414,884 B1 | | 7/2002 | DeFelice et al. |
| 6,438,825 B1 | | 8/2002 | Kuhn |

FOREIGN PATENT DOCUMENTS

| EP | 03257680 | 8/1989 |
|---|---|---|
| EP | 0375545 | 6/1990 |

* cited by examiner

*Primary Examiner*—Nitin Parekh
(74) *Attorney, Agent, or Firm*—Townsend and Townsend and Crew LLP

(57) **ABSTRACT**

An electronic circuit assembly including a plurality of printed circuit boards including electrical circuits and electronic components mounted on at least one of the plurality of printed circuit boards in electrical communication with the electrical circuits, wherein at least some of the plurality of printed circuit boards define an anti-tamper enclosure for at least some of the electronic components.

**15 Claims, 4 Drawing Sheets**



U.S. Patent            Feb. 8, 2005            Sheet 1 of 4            US 6,853,093 B2



FIG. 1A



FIG. 1B



FIG. 1C

**U.S. Patent**  Feb. 8, 2005  Sheet 2 of 4  US 6,853,093 B2



FIG. 2

FIG. 3





FIG. 4

| 1 | 2 |

# ANTI-TAMPERING ENCLOSURE FOR ELECTRONIC CIRCUITRY

## FIELD OF THE INVENTION

The present invention relates to protection of electronic circuitry generally and more particularly to automatic self destruct mechanisms that are actuated by tampering.

## BACKGROUND OF THE INVENTION

The following U.S. Patents are believed to represent the current state of the art: U.S. Pat. Nos. 5,861,662; 5,998,858; 6,359,338 and 6,414,884 and the disclosure thereof is hereby incorporated by reference.

## SUMMARY OF THE INVENTION

The present invention seeks to provide an improved anti-tampering enclosure for electronic circuitry.

There is thus provided in accordance with a preferred embodiment of the present invention an electronic circuit assembly including a plurality of printed circuit boards including, electrical circuits and electronic components mounted on at least one of the plurality of printed circuit boards in electrical communication with the electrical circuits, wherein at least some of the plurality of printed circuit boards define an anti-tamper enclosure for at least some of the electronic components.

Preferably, at least some of the plurality of printed circuit boards physically surround at least some of the electronic components.

In accordance with a preferred embodiment of the present invention, at least some of the plurality of printed circuit boards include conductor patterns which become short circuited or interrupted when tampered with.

Preferably, the electronic circuit assembly also includes detection circuitry, which senses short circuits or breaks in the conductor patterns and provides a tampering alarm output indication in response thereto and a self-destruct circuit, which provides a circuitry destroying electrical output to the electronic components which are surrounded by the plurality of printed circuit boards.

In accordance with a preferred embodiment of the present invention, the detection circuitry and the self-destruct circuit are surrounded by the plurality of printed circuit boards.

Preferably, the detection circuitry also senses separation of the plurality of printed circuit boards from each other.

In accordance with a preferred embodiment of the present invention, the electronic circuit assembly forms part of a personal identification number pad.

In accordance with another preferred embodiment of the present invention, the electronic circuit assembly forms part of a point of sale terminal.

## BRIEF DESCRIPTION OF THE DRAWINGS

The present invention will be understood and appreciated more fully from the following detailed description, taken in conjunction with the drawings in which:

FIGS. 1A, 1B and 1C are, respectively, simplified pictorial, partially cut away pictorial and nearly fully cut away pictorial illustrations of a point-of-sale device including an anti-tamper enclosure constructed and operative in accordance with a preferred embodiment of the present invention;

FIG. 2 is a simplified, exploded view schematic illustration of electronic circuitry located within an anti-tamper enclosure constructed and operative in accordance with a preferred embodiment of the present invention;

FIG. 3 is a simplified illustration of an anti-tamper conductor pattern which is useful in the embodiments of FIGS. 1A–1C and FIG. 2; and

FIG. 4 is a simplified illustration of protective circuitry which is actuated by tampering detected by one or more anti-tamper conductor patterns of the type shown in FIG. 3.

## DETAILED DESCRIPTION OF A PREFERRED EMBODIMENT

Reference is now made to FIGS. 1A, 1B and 1C, which are simplified pictorial illustrations of a point-of-sale device including an anti-tamper enclosure constructed and operative in accordance with a preferred embodiment of the present invention. The point of sale device may be any suitable point-of-sale device, such as a Nurit Model 8000 POS terminal or a Nurit Model 292 Personal Identification Number (PIN) pad, commercially available from Lipman Electronic Engineering Ltd. of Rosh Haayin, Israel.

As seen in FIGS. 1A–1C, the point-of-sale device typically includes, disposed within a housing **10**, a keyboard **12**, a magnetic card reader **14**, a smart card reader **15**, a display **16**, a modem **18** and validation circuitry **20**, which typically includes data critical components, such as microprocessors **22** and memories **24**, which it is sought to protect against tampering. Such data critical components may include encryption keys and personal identification data.

In accordance with a preferred embodiment of the present invention there is provided an anti-tamper enclosure **30** which encloses at least the data critical components **22** and **24**. In accordance with a preferred embodiment of the present invention, the anti-tamper enclosure **30** is formed of conventional multi-layer printed circuit boards **32** which include at least one layer of an electrical conductor pattern **34**, which provides an output indication of tampering when shorted or disconnected.

Reference is now made to FIG. 2, which is a simplified, exploded view schematic illustration of electronic circuitry located within an anti-tamper enclosure constructed and operative in accordance with a preferred embodiment of the present invention.

As seen in FIG. 2, the anti-tamper enclosure preferably comprises a base printed circuit board **40**, which preferably includes conventional electronic circuitry and may include a ground plane and may have electronic components **42** mounted thereon both within and outside of a protected region, which is designated by reference numeral **44**. Data critical components, such as microprocessors and memories, which it is sought to protect against tampering, here designated by reference numeral **45**, are shown located within the protected region **44**.

Protected region **44** is peripherally enclosed by one or more printed circuit boards **46** and is covered by a printed circuit board **48**, which may also include conventional electronic circuitry and have electronic components **50** mounted thereon both within and outside of the protected region **44**.

In accordance with a preferred embodiment of the present invention, the various printed circuit boards making up the protective enclosure are each provided with one or more layers of a electrical conductor pattern **52**, which provides an output indication of tampering when shorted, with itself or other circuitry in the printed circuit board, or disconnected.

An anti-tamper conductor pattern **60** which is useful in the embodiments of FIGS. 1A–1C and FIG. 2 is shown in FIG.

3

3. It may be readily appreciated that the conductors in conductor pattern **60** are arranged such that any short or interruption produced by tampering therewith changes the electrical characteristics thereof. Preferably each such conductor pattern has a pair of connection terminals **62**.

Reference is now made additionally to FIG. **4**, which is a simplified illustration of protective circuitry employed in the embodiment of FIG. **2**, which is actuated by tampering detected by one or more anti-tamper conductor patterns of the type shown in FIG. **3**.

As seen in FIG. **4**, typically three conductor patterns, here designated **70**, **72** and **74** and corresponding respectively to base, peripheral and cover printed circuit boards which define an anti-tamper enclosure **80**, are connected, typically in parallel, to conventional, tamper detection circuitry **82**, which senses short circuits or breaks in the conductor patterns and in the connections thereto and provides a tampering alarm output indication in response thereto. The output of detection circuitry **82** is preferably supplied as an input to a self-destruct circuit **86**, which provides a circuitry destroying electrical output, such as a relatively high energy pulse, to data critical components **45** and possibly other electronic circuitry within anti-tamper enclosure **80**. Examples of detection circuitry and of self-destruct circuitry appear, inter alia, in U.S. Pat. No. 5,998,858, the disclosure of which is hereby incorporated by reference.

Returning to FIG. **2**, it is seen that preferably, the detection circuitry **82**, and the self-destruct circuit **86** are located within the anti-tamper enclosure **80**. It is also seen in FIG. **2** that preferably terminals of the conductor pattern **74** in printed circuit board **48** are coupled via a connector **88** on board **48**, which is attached to a corresponding connector **90** on printed circuit board **40**. Connector **90** connects the conductor or pattern **74** to detection circuitry **82**.

Terminals of the conductor pattern **72** of printed circuit board **46** are typically hard wired to corresponding conductors on printed circuit board **40**, which connect conductor pattern **72** to detection circuitry **82**.

Terminals of conductor pattern **70** on base printed circuit board **40** are typically connected by conductors (not shown) directly to detection circuitry **82**.

It is appreciated that the connections between the various conductor patterns and the detection circuitry **82** are such that any physical separation of the printed circuit boards from each other causes an interruption in the connection which is detected as tampering.

It will be appreciated by persons skilled in the art that the present invention is not limited to what has been particularly shown and described hereinabove. Rather the scope of the present invention includes both combinations and subcombinations of the various features described hereinabove as well as modifications and variations thereof as would occur to a person of skill in the art upon reading the foregoing specification and which are not in the prior art.

What is claimed is:

1. An electronic circuit assembly comprising:
   a plurality of printed circuit boards including electrical circuits, said plurality of printed circuit boards defining a protected enclosure including at least one protected enclosure wall defining printed circuit board and a protected enclosure surrounding edge defining printed circuit board; and

4

   electronic components, located within said protected enclosure, mounted on at least one of said plurality of printed circuit boards in electrical communication with said electrical circuits, said electronic components including at least an anti-tamper circuit and a destruct circuit operated by said anti-tamper circuit.

2. An electronic circuit assembly according to claim **1** and wherein said electronic circuit assembly forms part of a personal identification number pad.

3. An electronic circuit assembly according to claim **1** and wherein said electronic circuit assembly forms part of a point of sale terminal.

4. An electronic circuit assembly according to claim **1** and wherein said protected enclosure surrounding edge defining printed circuit board is arranged to be parallel to said at least one protected enclosure wall defining printed circuit board.

5. An electronic circuit assembly according to claim **4** and wherein said protected enclosure surrounding edge defining printed circuit board is formed with a central cut-out aperture defining said protected enclosure.

6. An electronic circuit assembly according to claim **5** and wherein said electrical circuits of said at least one protected enclosure wall defining printed circuit board and said protected enclosure surrounding edge defining printed circuit board are hard-wired to each other.

7. An electronic circuit assembly according to claim **5** and wherein said at least one protected enclosure wall defining printed circuit board comprises first and second protected enclosure wall defining printed circuit boards which are interconnected by an electrical connector.

8. An electronic circuit assembly according to claim **5** and wherein said electronic circuit assembly forms part of a personal identification number pad.

9. An electronic circuit assembly according to claim **5** and wherein said electronic circuit assembly forms part of a point of sale terminal.

10. An electronic circuit assembly according to claim **4** and wherein said electrical circuits of said at least one protected enclosure wall defining printed circuit board and said protected enclosure surrounding edge defining printed circuit board are hard-wired to each other.

11. An electronic circuit assembly according to claim **4** and wherein said at least one protected enclosure wall defining printed circuit board comprises first and second protected enclosure wall defining printed circuit boards which are interconnected by an electrical connector.

12. An electronic circuit assembly according to claim **4** and wherein said electronic circuit assembly forms part of a personal identification number pad.

13. An electronic circuit assembly according to claim **4** and wherein said electronic circuit assembly forms part of a point of sale terminal.

14. An electronic circuit assembly according to claim **1** and wherein said electrical circuits of said at least one protected enclosure wall defining printed circuit board and said protected enclosure surrounding edge defining printed circuit board are hard-wired to each other.

15. An electronic circuit assembly according to claim **1** and wherein said at least one protected enclosure wall defining printed circuit board comprises first and second protected enclosure wall defining printed circuit boards which are interconnected by an electrical connector.

\* \* \* \* \*